UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Commodity Futures Trading Commission,

                  Plaintiff,

     -vs.-

Christophe Rivoire,

                  Defendant.

Case No. 19-cv-11701

---

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant Christophe Rivoire ("Rivoire"), by his undersigned attorneys, hereby submits his Answer to the Complaint of the Commodity Futures Trading Commission, and on personal knowledge as to his own actions, and upon information and belief as to the actions of others states as follows:

1.      Denies the allegations of Paragraph 1, except admits that during the Relevant Period, Rivoire was the head of the North American rates business of the U.S. affiliate (the "U.S. Affiliate") of the global investment bank (the "Bank").

2.      Denies the allegations of Paragraph 2.

3.      Denies the allegations of Paragraph 3, except refers to the quoted communication for its contents.

4.      Denies the allegations of Paragraph 4.

5.      Denies the allegations of Paragraph 5.

6.      Denies the allegations of Paragraph 6.

7.      Denies the allegations of Paragraph 7.

8.      Denies the allegations of Paragraph 8.

9.      Denies the allegations of Paragraph 9.

10.      Denies the allegations of Paragraph 10, except admits that (a) the Commission purports to bring claims under the statute described therein; and (b) the Commission purports to seek the relief described therein.

11.      Denies the allegations of Paragraph 11.

12.      Denies the allegations of Paragraph 12, except admits that the Commission purports to bring an action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 7 U.S.C. § 13a-1.

13.      Denies the allegations of Paragraph 13, except admits that venue is proper in this District.

14.      Admits the allegations of Paragraph 14.

15.      Denies the allegations of Paragraph 15, except admits that (a) Rivoire is a resident of France; (b) during the Relevant Period, Rivoire was the head of the North American rates business of the U.S. Affiliate and worked in the U.S. Affiliate's office in Manhattan; (c) subsequent to the Relevant Period, Rivoire became a principal of a U.K. affiliate of the Bank; and (d) Rivoire has never been registered with the CFTC in any capacity.

16.      States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, except admits that the Issuer is an Asian financial institution.

17.      States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, except admits that the Bond Issuance was expected to pay a fixed rate to investors every six months.

18.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, except admits the Issuer sought to enter into an interest rate swap.

19.     Denies the allegations of Paragraph 19.

20.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

21.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, except admits that the Bonds and the Issuer Swap were to be priced during a pricing call.

22.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.

23.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24.

25.     Denies the allegations of Paragraph 25.

26.     Denies the allegations of Paragraph 26.

27.     Denies the allegations of Paragraph 27, except admits that in late June 2012, Rivoire was aware of the Bond Issuance and the Issuer Swap.

28.     Denies the allegations of Paragraph 28.

29.     Denies the allegations of Paragraph 29.

30.     Denies the allegations of Paragraph 30, except refers to the quoted communication for its contents.

31.     Denies the allegations of Paragraph 31, except refers to the quoted communication for its contents.

32.     Denies the allegations of Paragraph 32.

33.     Denies the allegations of Paragraph 33, except refers to the quoted communication for its contents.

34.     Denies the allegations of Paragraph 34.

35.     Denies the allegations of Paragraph 35, except admits that (a) on June 27, 2012, Rivoire spoke to the co-head of the Asia rates business; and (b) refers to the recording of the phone call for its contents.

36.     Denies the allegations of Paragraph 36, except refers to the recording of the phone call for its contents.

37.     Denies the allegations of Paragraph 37, except refers to the recording of the phone call for its contents.

38.     Denies the allegations of Paragraph 38, except refers to the quoted communications for their contents.

39.     Denies the allegations of Paragraph 39, except refers to the recording of the phone call for its contents.

40.     Denies the allegations of Paragraph 40, except refers to the recording of the phone call for its contents.

41.     Denies the allegations of Paragraph 41, except refers to the recording of the phone call for its contents.

42.     Denies the allegations of Paragraph 42.

43.     Denies the allegations of Paragraph 43, except (a) admits that Rivoire e-mailed Trader A and two other traders on July 2, 2012 and (b) refers to the quoted communication for its contents.

44.     Denies the allegations of Paragraph 44, except refers to the quoted communication for its contents.

45.     Denies the allegations of Paragraph 45, except refers to the quoted communication for its contents.

46.     Denies the allegation of Paragraph 46.

47.     Denies the allegations of Paragraph 47.

48.     Denies the allegations of Paragraph 48.

49.     Denies the allegations of Paragraph 49, except (a) states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations about the communications between Trader A and Trader B and (b) states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence.

50.     Denies the allegations of Paragraph 50.

51.     Denies the allegations of Paragraph 51.

52.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52.

53.     Denies the allegations of Paragraph 53, except states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence.

54.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54.

55.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55.

56.     Denies the allegations of Paragraph 56, except refers to the quoted communication for its contents.

57.     Denies the allegations of Paragraph 57, except states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of (a) the allegations about what Trader A told the Broker; (b) the allegations about what the Broker told Trader A; and (c) the allegations of the last sentence.

58.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58.

59.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59.

60.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60.

61.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61.

62.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62.

63.     Denies the allegations of Paragraph 63, except refers to the quoted communication in the last sentence for its contents.

64.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64.

65.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65.

66.     Denies the allegations of Paragraph 66, except states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the communications between Trader A and Trader B.

67.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67.

68.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68.

69.     Denies the allegations of Paragraph 69.

70.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70.

71.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71.

72.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72.

73.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 73.

74.     Denies the allegations of Paragraph 74.

75.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75.

76.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76.

77.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 77.

78.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 78.

79.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79.

80.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80.

81.     Denies the allegations of Paragraph 81, except (a) admits that the pricing call took place on July 11, 2012 and (b) refers to the recording of the phone call for its contents.

82.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82.

83.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83.

84.     Denies the allegations of Paragraph 84.

85.     Denies the allegations of Paragraph 85.

86.     Denies the allegations of Paragraph 86, except states that Rivoire lacks knowledge or information sufficient to form a belief about (a) the allegations regarding what Trader A told the Broker and (b) the allegations regarding Trader A's trading.

87.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87.

88.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 88.

89.     Denies the allegations of Paragraph 89.

90.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 90.

91.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91.

92.     Denies the allegations of Paragraph 92, except refers to the recording of the pricing call for its contents.

93.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93.

94.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94.

95.     Denies the allegations of Paragraph 95, except refers to the recording of the pricing call for its contents.

96.     Denies the allegations of Paragraph 96, except refers to the recording of the pricing call for its contents.

97.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 97.

98.     States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 98.

99.     Denies the allegations of Paragraph 99, except refers to the recording of the pricing call for its contents.

100.    Denies the allegations of Paragraph 100.

101.    Denies the allegations of Paragraph 101, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

102.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 102.

103.    Denies the allegations of Paragraph 103, except refers to the recording of the pricing call for its contents.

104.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 104.

105.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 105.

106.    Denies the allegations of Paragraph 106, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

107.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 107.

108.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108.

109.    Denies the allegations of Paragraph 109.

110.    Denies the allegations of Paragraph 110, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

111.    Denies the allegations of Paragraph 111, except (a) states that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations about what Trader A told the Broker; (b) states that Rivoire lacks knowledge or information sufficient to

form a belief about the truth of the allegations about what the Broker told Trader A; and (c) refers to the recording of the pricing call for its contents.

112.    Denies the allegations of Paragraph 112, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

113.    Denies the allegations of Paragraph 113, except refers to the recording of the pricing call for its contents.

114.    Denies the allegations of Paragraph 114, except refers to the recording of the pricing call for its contents.

115.    Denies the allegations of Paragraph 115.

116.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 116.

117.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 117.

118.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 118.

119.    States that Rivoire lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 119.

120.    Denies the allegations of Paragraph 120.

121.    Denies the allegations of Paragraph 121.

122.    Denies the allegations of Paragraph 122.

123.    Denies the allegations of Paragraph 123.

124.    Denies the allegations of Paragraph 124, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

125.    Denies the allegations of Paragraph 125, except (a) admits that Rivoire spoke on the pricing call and (b) refers to the recording of the pricing call for its contents.

126.    Denies the allegations of Paragraph 126.

127.    Denies the allegations of Paragraph 127.

128.    Denies the allegations of Paragraph 128.

129.    Repeats, realleges and incorporates herein by reference Rivoire's responses to paragraphs 1 through 128 as if fully set forth herein.

130.    States that Paragraph 130 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(1) for its contents.

131.    States that Paragraph 131 states a legal conclusion to which no answer is required and refers to 17 C.F.R. § 180.1(a) for its contents.

132.    States that Paragraph 132 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a) for their contents.

133.    Denies the allegations of Paragraph 133.

134.    Denies the allegations of Paragraph 134.

135.    Denies the allegations of Paragraph 135.

136.    Denies the allegations of Paragraph 136.

137.    Denies the allegations of Paragraph 137.

138.    Repeats, realleges and incorporates herein by reference Rivoire's responses to paragraphs 1 through 137 as if fully set forth herein.

139.    Denies the allegations of Paragraph 139.

140.    Denies the allegations of Paragraph 140.

141.    Denies the allegations of Paragraph 141.

142.     Repeats, realleges and incorporates herein by reference Rivoire's responses to paragraphs 1 through 141 as if fully set forth herein.

143.     Denies the allegations of Paragraph 143.

144.     Denies the allegations of Paragraph 144.


New York, New York                          AKIN GUMP STRAUSS HAUER & FELD LLP
Dated:  March 19, 2020

                                            By:      /s/ James J. Benjamin, Jr.
                                                     James J. Benjamin, Jr.
                                                     Parvin D. Moyne
                                                     Akin Gump Strauss Hauer & Feld LLP
                                                     One Bryant Park
                                                     New York, NY 10036
                                                     Tel:  212-872-1000
                                                     Fax:  212-872-1002
                                                     jbenjamin@akingump.com
                                                     pmoyne@akingump.com

                                                     *Counsel for Defendant*