UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>CHRISTOPHE RIVOIRE,<br><br>      Defendant. | Case No. 19-cv-11701 (JPO)<br><br>ECF Case |

**STIPULATED PROTECTIVE ORDER**

  WHEREAS, Plaintiff United States Commodity Futures Trading Commission ("CFTC") and Defendant Christophe Rivoire (hereinafter referred to collectively as "Parties" or any one individually as a "Party"), through their respective counsel of record, anticipate that discovery in this action (the "Action") may involve the disclosure of confidential or sensitive commercial, personal, financial and/or business information; and

  WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, personal, financial and/or business information ("Protective Order");

  It is hereby STIPULATED, AGREED and ORDERED as follows:

**A. Scope**

  1. This Protective Order shall govern the use of all materials or other information supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether supplied or

1

produced pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the filing of certain information under seal and certain other matters in connection with this Action. All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting, defending, or appealing the Action and shall not be disclosed to any person, except in accordance with the terms hereof, including but not limited to those described in Section J, or as otherwise required or authorized by law. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. In particular, Discovery Material may not be used for any commercial, business, or other purpose.

3. Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains confidential or sensitive personal, financial and/or business information (including but not limited to social security numbers, passport numbers, tax information, or other sensitive personal information), information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, material protected under Section 8(a) of the Commodity Exchange Act, 7 U.S.C. § 12(a),

or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G).

4.  Any Producing Party shall have the right to identify and designate Discovery Material as "Highly Confidential" when the Producing Party in good faith believes it contains extremely sensitive information, beyond that described above as "Confidential," including but not limited to material protected under Section 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. § 26(h)(2).  To the extent a Producing Party seeks to designate material as Highly Confidential because it contains extremely sensitive business information, such information must be related to ongoing business activities and be of such a nature that a material risk of competitive injury would be created if the Discovery Material were disclosed to persons other than those identified in Paragraph D of this Protective Order.

5.  After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with this Action.  A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A.  By signing such declaration, the non-party also agrees to be bound by the terms of the Protective Order.

6.  Any documents which the Producing Party designates as Confidential or Highly Confidential and files with the Court in this Action, shall no longer be deemed Confidential or Highly Confidential unless the Producing Party filing the documents has sought permission to file such information under seal pursuant to the procedures provided herein.

7.  This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), and implementing regulations, providing a basis for release of the

requested documents and records to Defendants without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act of 1974, 5 USC 552a(b)(11), and Rule 26(c) of the Federal Rules of Civil Procedure.  Any such record produced in this Action must be strictly protected in accordance with this Order.

**B.     Designation of Confidentiality**

Discovery Material may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

1. A Producing Party may, if appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "CONFIDENTIAL" if space is limited), or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "HIGHLY CONFIDENTIAL" if space is limited), respectively.

2. For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential or Highly Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the label that appears in paragraph B(1), above.  If Discovery Material that cannot be designated in the manner described in Paragraph B(1) is produced electronically other than via container(s)/media, such Discovery Material may be designated as Confidential or Highly Confidential by noting the designation in a letter accompanying the production.

3. The designation of Discovery Material as Confidential or Highly Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that

Discovery Material, except that inadvertent or unintentional disclosure of Discovery Materials shall be governed in accordance with paragraph G(1), below.

4. Portions of depositions shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or are so designated within fourteen (14) days after receipt of the transcript(s) by counsel for a Party or the deponent. All information disclosed in a deposition shall be treated as Confidential until fourteen (14) days after the transcript(s) of said deposition is actually received by counsel for such party or the deponent to provide the opportunity for making the Confidential or Highly Confidential designation provided herein.

C. **Disclosure of Confidential Information**

1. Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order shall only be disclosed or made available by the recipient of the Discovery Material (the "Receiving Party") to the following persons:

   a. counsel of record for the Parties, employees and agents of counsel, and CFTC employees and agents;

   b. the Defendant;

   c. outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

   d. any witness or potential witness (hereinafter "witness") and/or the witness's counsel to whom it is necessary for purposes of the litigation that the Discovery Material designated as Confidential under this Protective Order be shown, provided, however, that prior to such disclosure, the witness and/or the witness's counsel shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

   e. any witness being examined in a deposition in this Action to whom it is necessary for purposes of the litigation that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the

examination and/or such witness's counsel, provided, however, that prior to such disclosure any such witness and counsel shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness and counsel to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

f.  Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with this Action, provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, a representative from the photocopying, graphic production services, or litigation support services shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE on behalf of the organization;

g.  the Court and its personnel, as well as court reporters and recorders engaged for depositions;

h.  any other person or entity authorized by law; and

i.  any other person only upon order of the Court or upon stipulation of the Producing Party.

D.  **Disclosure of Highly Confidential Information**

1.  Absent consent of the Producing Party, Discovery Material designated Highly Confidential under this Protective Order is intended to be shared on an attorney's eyes only basis (except for the Parties), and shall only be disclosed or made available by the Receiving Party to the following persons:

    a.  counsel of record for the Parties, employees of the CFTC, and the Defendant;

    b.  experts retained by the Parties to assist in this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Highly Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

    c.  any person identified in such materials as the author, sender, addressee, or copy recipient of the Highly Confidential information, and their counsel, provided, however, that prior to such disclosure, the disclosing Party shall provide the person or the person's counsel with a copy of this Protective Order and use reasonable best efforts to cause such person and/or the person's counsel to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

d.  counsel for a witness to whom it is necessary for purposes of the litigation that the Discovery Material designated as Highly Confidential under this Protective Order be shown, provided, however, that prior to such disclosure, the witness's counsel shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

e.  any witness being examined in a deposition in this Action to whom it is necessary for purposes of the litigation that the Discovery Material designated as Highly Confidential under this Protective Order be shown in connection with the examination and/or such witness's counsel, provided, however, that prior to such disclosure any such witness and counsel shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness and counsel to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE

f.  Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with this Action, provided, however, that prior to any such person receiving any Discovery Material designated as Highly Confidential, a representative from the photocopying, graphic production services, or litigation support services shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE on behalf of the organization;

g.  the Court and its personnel, as well as court reporters and recorders engaged for depositions;

h.  any other person or entity authorized by law; and

i.  any other person only upon order of the Court or upon stipulation of the designating party.

E.  **Restrictions and Procedures Regarding Confidential or Highly Confidential Information**

1. Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential or Highly Confidential (collectively, "Confidential Information"). Except as provided in paragraphs C(1)(a-i) and D(1)(a-i) above, counsel for the Parties must maintain all Confidential Information in a reasonably secure manner so that it is not disclosed or used in a manner inconsistent with this Protective Order.

2. All copies or duplicates (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential or Highly Confidential under this Protective Order or any portion thereof, shall be affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

3. If Confidential Information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential Information.

4. To the extent that any Party seeks to file Confidential Information or to incorporate Confidential Information into a filing with the Court, that Party shall seek to file the Confidential Information under seal in conformity with the Court's Rules of Individual Practice. In addition, any Party filing any portion of any papers under seal shall file via ECF a version of the papers that redacts all references to the Confidential Information.

5.  This Protective Order does not address the use of Confidential Information at trial. The parties agree to meet and confer regarding use of Confidential Information in connection with trial and to raise the issue with the Court at an appropriate time.

6.  In the event any Confidential Information is lost, accessed by, or disclosed to any person not authorized by this Protective Order to receive the Confidential Information, the Party responsible for the loss, unauthorized access, or disclosure shall immediately after discovery of such situation:

   a. notify any person or entity to whom disclosure was made that the disclosure contains Confidential Information subject to this Protective Order;

   b. take appropriate action to cure and prevent any further risk of loss, unauthorized access, or disclosure of the information; and

   c. notify the Producing Party of the loss, unauthorized access, or disclosure and reasonably cooperate with the Producing Party to address and remedy the loss, unauthorized access, or disclosure.

The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

7.  In the event disclosure of any Discovery Material designated as Confidential or Highly Confidential is sought from anyone subject to this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity shall upon receipt of such request notify the Producing Party within ten (10) business days and provide a copy of the subpoena or process and the date set for production, if specified. The Producing Party may then seek to prevent disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential or Highly Confidential Discovery Material shall not be disclosed until resolution of any such challenge to the subpoena or process.

8.     A Producing Party may redact or withhold from Discovery Material information protected under Section 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. § 26(h)(2).  The Producing Party shall provide a log identifying the type of information withheld and the reason for the redaction or withholding.

9.     A Producing Party may redact or withhold from Discovery Material non-commercial personal or private information of an individual, including but not limited to social security numbers, passport numbers, or other similarly sensitive personal information.  The Producing Party shall provide a log identifying the type of information withheld and the reason for the redaction or withholding.

10.    The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court.  The Parties may not disclose any Confidential Information to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

11.    The Producing Party may withdraw the designation of Confidential or Highly Confidential at any time during the pendency of this matter.

F.     **Challenging Designation of Confidentiality**

1.     If any Party disputes whether any Discovery Material is properly designated as Confidential or Highly Confidential (the "Disputing Party"), the Parties agree to attempt to resolve such dispute among themselves.  The Disputing Party shall provide notice of its objection to the Producing Party.  The Producing Party shall then respond in writing within seven (7) days with its reason(s) for its designation.  The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences.  In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be

challenged upon motion. The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality. The Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

**G.**     **Inadvertent or Unintentional Disclosure**

      1.     If a Party inadvertently produces or provides Discovery Material that contains any Confidential Information without designating it Confidential or Highly Confidential as provided in this Protective Order, it may be disclosed to others until the Receiving Party is notified of the error by the Producing Party and/or the party whose Confidential Information was disclosed. The Producing Party may give written notice to the Receiving Party that the Discovery Material is Confidential Information and should be treated in accordance with the provisions of this Protective Order. As soon as the Receiving Party receives such notice, the Confidential Information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must make reasonable efforts to retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential Information, to retrieve copies made by those persons or receive confirmation that the copies have been destroyed, and to inform all such persons that the Confidential Information is so designated and is subject to this Protective Order. Counsel for the Producing Party is responsible for providing substitute copies of Confidential or Highly Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the Receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2.      The inadvertent disclosure of any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the deliberative process privilege, or the attorney work product doctrine (the "Inadvertently Produced Privileged Material") shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity, as provided in Federal Rule of Evidence 502. If the Producing Party notifies the Receiving Party of the production of Inadvertently Produced Privileged Material, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). If the Receiving Party discovers Inadvertently Produced Privileged Material, it shall notify the Producing Party, and the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**H.      Return of Confidential Material at Conclusion of Litigation**

1.      Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential or Highly Confidential under this Protective Order and not received in evidence (other than material subject to work product protection) shall be destroyed or returned to the Producing Party, at the option of the Receiving Party. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

I.      **Court Retains Jurisdiction**

1.      After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential or Highly Confidential Discovery Material produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

J.      **Use of Discovery Material by the CFTC**

1.      Notwithstanding any of the foregoing terms, nothing in this Protective Order shall limit the CFTC's retention or use of any Discovery Material, including information designated by any Party to this Protective Order as Confidential or Highly Confidential, for any of the "Routine Uses of Information" identified in the applicable CFTC Privacy Act System of Records Notices, or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy, and procedures, including, without limitation, Sections 8 and 12 of the Commodity Exchange Act, the Federal Records Act, and Freedom of Information Act.

Dated: May 19, 2020                                      Respectfully submitted by:

_____                                _____
Gabriella Geanuleas                                      James J. Benjamin, Jr.
Candice Aloisi                                           Parvin D. Moyne
Stephen Painter, Jr.                                     Katherine L. Powers
James Wheaton                                            Lauren K. Ross
Commodity Futures Trading Commission                     Akin Gump Strauss Hauer & Feld LLP
140 Broadway, 19th Floor                                 One Bryant Park
New York, NY 10005                                       New York, NY 10036
Tel: 646-746-9887                                        Tel: 212-872-1000
Fax: 646-746-9939                                        Fax: 212-872-1002
ggeanuleas@cftc.gov                                      jbenjamin@akingump.com

*Attorneys for the Plaintiff*                            *Attorneys for the Defendant*


Dated: July 30, 2020

**SO ORDERED:**

_____
J. PAUL OETKEN
United States District Judge

14