UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>                               Plaintiff,<br><br>  -vs.-<br><br>Christophe Rivoire,<br><br>                              Defendant. | Case No. 19-cv-11701 (JPO) |

**ORDER GRANTING JOINT MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DIRECTION OF SUBMISSION OF <u>HAGUE CONVENTION APPLICATION</u>**

The Court, having reviewed the Notice of Motion and the Declaration of Parvin Moyne, dated April 21, 2021, together with the exhibits annexed thereto in support of the Joint Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Direction of Submission of Hague Convention Application (the "Motion") filed by Plaintiff Commodity Futures Tradition Commission ("Plaintiff") and Defendant Christophe Rivoire, and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No. 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

1. The Motion is GRANTED.

2. The form of Request Annexed to the Moyne Declaration as Exhibit B is hereby issued as this Court's Request and fully incorporated herein.

3. Pursuant to Article 17 of the Hague Convention, Alexander Blumrosen, an attorney admitted to the Bars of Paris and New York and whose address is Polaris Law, 4, avenue Hoche, 75008 Paris, FRANCE (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request, as Commissioner to, in a neutral capacity:

    a. Receive from Mr. Rivoire certain categories of French-originated documents as specified in the Request (the "Documents");

    b. Transmit the Documents to counsel for Plaintiff and Mr. Rivoire pursuant to Article 17 of the Hague Convention and in performance of his appointment as commissioner and duties thereunder;

    c. Take evidence in the form of the deposition of Mr. Rivoire in English pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder; and

    d. Upon completion to inform the French Ministère de la Justice.

4. All documents will be produced in accordance with the procedures outlined in the Stipulated Protective Order, dated July 30, 2020, ECF No. 18, in this action.

5. The signed Order and the signed Request will be given to Akin Gump Strauss Hauer & Feld LLP, counsel for Mr. Rivoire, which will file or will request the Commissioner to file both documents, along with the French translation of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

6. The costs of this Hague Convention process, including the fee of the Commissioner, translation fees for these motion papers, and any transmittal costs for the

Documents, will be borne by Mr. Rivoire. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process, including but not limited to the costs of any translation services.

7. Any unresolved disputes between Plaintiff and Mr. Rivoire regarding the production of Documents received by the Commissioner or the conduct of the deposition shall be determined exclusively by this Court. Further, any unresolved disputes between Plaintiff and Mr. Rivoire concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The parties have not waived and reserve all rights to pursue relief pursuant to United States law and rules including, but not limited to, the Federal Rules of Civil Procedure. The Commissioner will adhere to any such order issued by this Court relating to document discovery or the conduct of the deposition in the above-captioned action.

8. Neither this motion, the proposed Order, the transmission of Documents by Mr. Rivoire to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, the taking of Mr. Rivoire's deposition, nor the terms of the Request for International Judicial Assistance shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including any defenses that Mr. Rivoire has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, the Fifth Amendment right against self-incrimination, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the laws of France, the United States or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in

accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern District of New York.

New York, New York
Dated: May 11, 2021

**SO ORDERED.**

_____
J. PAUL OETKEN
United States District Judge

4