UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                     Plaintiff,<br><br>           v.<br><br>CHRISTOPHE RIVOIRE,<br><br>                     Defendant. | Case No. 19-cv-11701 (JPO) |

**CHRISTOPHE RIVOIRE'S UNOPPOSED MOTION
FOR THE ISSUANCE OF A SUPPLEMENTAL STATEMENT
IN FURTHERANCE OF THE COURT'S LETTER OF REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE
<u>CONVENTION OF 18 MARCH 1970</u>**

Defendant Christophe Rivoire hereby moves this Court to issue a Supplemental Statement in furtherance of the Letter of Request for International Judicial Assistance dated January 27, 2022 (ECF No. 52) (the "Letter of Request").  The Letter of Request seeks international judicial assistance from authorities in Hong Kong to obtain videotaped deposition testimony from Stephen Tsang, a resident of Hong Kong.  As set forth more fully below, the Supplemental Statement is necessary to respond to questions set forth in a letter dated March 9, 2022 from Bethany Choi, Senior Governmental Counsel, Mutual Legal Assistance Unit, International Law Division, Hong Kong Department of Justice.  The proposed Supplemental Statement is attached hereto as Exhibit 1.  Plaintiff Commodity Futures Trading Commission (the "CFTC") does not oppose the issuance of the proposed Supplemental Statement.  Once the Court has signed the Supplemental Statement, Mr. Rivoire's counsel will promptly transmit it to the Hong Kong authorities.

1

**Background**

On December 20, 2019, the CFTC filed a complaint (the "Complaint") alleging that Mr. Rivoire violated certain provisions of the Commodity Exchange Act and its associated regulations. *See* Declaration of Parvin D. Moyne ("Moyne Decl."), Ex. A. The Complaint arises from a 2012 transaction between subsidiaries of HSBC, a global investment bank and financial services company, and a Japanese bond issuer (the "Issuer"). In July 2012, HSBC served as co-underwriter and sole swap arranger on a $2 billion bond issuance and corresponding U.S. dollar interest rate swap with the Issuer (the "Transaction"). The Complaint alleges that Mr. Rivoire, the head of HSBC's North American Rates business, engaged in a scheme to manipulate the prices of U.S. dollar interest rate basis swaps with five-year maturity, which were used as one of the factors to price the interest rate swap component of the Transaction. Mr. Rivoire filed an answer to the Complaint denying the CFTC's allegations. (ECF No. 13).

On September 24, 2021, Mr. Rivoire filed an unopposed application for the issuance of the Letter of Request seeking Mr. Tsang's deposition testimony. (ECF No. 44). As explained therein, Mr. Tsang, the former co-head of HSBC's Rates business in Asia, is a critical fact witness who participated in a recorded telephone call with Mr. Rivoire that is a key piece of evidence in this case. *See* ECF No. 44 at 5-6. As further explained therein, the Letter of Request is necessary to obtain Mr. Tsang's testimony because Mr. Tsang would be willing to consent to a voluntary deposition (i.e. without the need for judicial process under the Hague Convention) only if his U.S. counsel, Matthew Coogan of Lankler Siffert & Wohl LLP, were able to travel to Hong Kong to be with Mr. Tsang in person during the deposition. *Id*. Unfortunately, such travel is not currently practicable due to ongoing travel and quarantine restrictions associated with the COVID-19 pandemic. *See* Moyne Decl. ¶ 4.

On January 27, 2022, this Court signed the Letter of Request.  *See* Moyne Decl., Ex. B.  On January 31, 2022, Mr. Rivoire's counsel transmitted the Letter of Request to the office of the Chief Secretary for Administration of the Hong Kong Special Administrative Region.[1]  Moyne Decl. ¶ 5-6.  On March 9, 2022, Mr. Rivoire's counsel received, by email, a letter directed to this Court from Bethany Choi, Senior Governmental Counsel, Mutual Legal Assistance Unit, International Law Division, Hong Kong Department of Justice (the "HK DOJ Letter").  *See* Moyne Decl., Ex. C.  By email, Ms. Choi requested that Mr. Rivoire's counsel forward the HK DOJ Letter directly to this Court.  Moyne Decl. ¶ 8.  By email dated March 11, 2022, Mr. Rivoire's counsel forwarded the HK DOJ Letter to this Court, with copies to counsel for the CFTC and counsel for Mr. Tsang.  *Id*.

**The HK DOJ Letter**

In the HK DOJ Letter, Ms. Choi acknowledged receipt of the Letter of Request and noted that it was "very comprehensive."  Moyne Decl., Ex. C at 1.  Ms. Choi then identified several matters "requiring further clarification and supplementation of information for our further consideration of the letter of request."  *Id*.

Paragraphs 3-5 of the HK DOJ Letter fall under the heading "Jurisdiction" and provide as follows:

> 3. Please note that the jurisdiction of the High Court of the Hong Kong Special Administrative Region of the People's Republic of China ("**HKSAR**") in assisting to obtain evidence for civil/commercial proceedings in a court exercising jurisdiction in a country or jurisdiction outside HKSAR is purely statutory and based on sections 75 and 76 of the Evidence Ordinance, Chapter 8 of the Laws of Hong Kong, pursuant to which **the High Court of HKSAR <u>must</u> be satisfied, *inter alia*, that the evidence to be obtained is for the purpose of <u>civil or commercial</u>**

---

[1] The Chief Secretary for Administration of the Hong Kong Special Administrative Region has been designated as the Central Authority in Hong Kong to receive letters of request pursuant to the Hague Convention.  *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html.

3

> **proceedings,** either begun or contemplated, before the requesting court or tribunal.
>
> 4.      With regard to the present letter of request, it is noted that the proceedings in question originated from a 'complaint' filed by the Commodity Futures Trading Commission and is premised on the Defendant's conduct which is allegedly contrary to, amongst others, the Commodities Exchange Act.  It is <u>not</u> an action by the Bond Issuer seeking to recover from any contractual loss from the interest rate swap agreement with HSBC.  More importantly, in terms of relief sought, the Commodity Futures Trading Commission seeks order declaring Defendant's infringement of the relevant statutes, injunction, civil monetary <u>penalties</u>, disgorgement (of profits) and full restitution (which is usually remedy for potential victims if alleged misconduct is established).
>
> 5.      Please therefore clarify whether the nature of the present proceeding is in fact <u>regulatory in nature</u>, in which the Commodity Futures Trading Commission, following its investigation into any alleged market misconduct, takes <u>enforcement actions to prosecute</u> the alleged violations of the Commodity Exchange Act and related regulations by the Defendant in relation to the issuance of bonds and interest rate swap arrangements.

Moyne Decl., Ex. C at 2 (emphasis in original).

Paragraphs 6 and 7 of the HK DOJ Letter ask whether Mr. Tsang's U.S. counsel would be physically present with Mr. Tsang during the deposition, if approval for the execution of the Letter of Request is granted.  *See id.*, at 2-3.  Paragraph 8 of the letter asks for Mr. Tsang's contact information in case service of process on him is necessary.  *See id.*, at 3.

## Discussion

In a subsequent phone call with counsel for Mr. Rivoire, Ms. Choi explained that the questions about jurisdiction are prompted by *Koon Wing Yee v. Insider Dealing Tribunal*, Final Appeal No. 19 of 2007 (Civil), HKSAR Court of Final Appeal (March 18, 2008).  Moyne Decl. ¶ 9.  In *Koon Wing Yee*, the Hong Kong financial regulator, the Securities and Futures Commission ("SFC"), accused two defendants of insider dealing (i.e. insider trading) in violation of Hong Kong law.  After a lengthy analysis, the appellate court held that the enforcement proceedings

were considered criminal in nature under Hong Kong law even though they were formally classified as civil; that the defendants were therefore entitled to invoke the privilege against self-incrimination; and that the SFC was required to prove its charges beyond a reasonable doubt. *Id*. In light of *Koon Wing Yee* and the information provided by Ms. Choi, we understand that the Hong Kong Department of Justice is seeking clarification as to whether *CFTC v. Rivoire* is a civil case, as opposed to a criminal prosecution.[2] To respond to the HK DOJ Letter, we respectfully request that this Court issue the proposed Supplemental Statement, which confirms that the instant case is a civil lawsuit, and not a criminal prosecution, under United States law.

Although the CFTC's complaint against Mr. Rivoire is, in a sense, regulatory in nature because the CFTC is a U.S. federal regulatory agency and the Complaint alleges violations of the CEA and associated regulations, the case is a civil lawsuit within the meaning of the Hague Convention as previously interpreted by this Court. In *SEC v. Rio Tinto plc*, Case No. 17-cv-07994, 2020 WL 2504008 (S.D.N.Y. Mar. 9, 2020), a civil enforcement case brought by the U.S. Securities and Exchange Commission, this Court granted an application by the defendants to obtain witness testimony in various countries pursuant to the Hague Convention. *See id*. at *2 ("The SEC did not oppose Defendants' application for letters of request (id., at 1), and, on or about October 12, 2018, this Court proceeded to issue letters to the relevant authorities in the United Kingdom, Australia, and South Africa (see Dkt. 116).").

The proposed Supplemental Statement cites the *Rio Tinto* precedent as well as foundational principles of United States law which establish that *CFTC v. Rivoire* is a civil

---

[2] A more recent precedent from the High Court in Hong Kong, *AB v. X*, Miscellaneous Proceedings No. 971 of 2021, High Court of the HKSAR (Jan. 19, 2022), held that an administrative enforcement proceeding in the United States before an Administrative Law Judge of the Federal Reserve Board was considered a "civil proceeding" for purposes of the Hague Convention. *See* Moyne Decl. ¶10.

lawsuit, and not a criminal prosecution. Specifically, the proposed Supplemental Statement contains the following text:

> Under the law of the United States, *CFTC v. Rivoire* is a civil lawsuit, and not a criminal prosecution. The CFTC – the Plaintiff in this civil lawsuit – is not authorized by law to pursue criminal prosecutions in the United States for alleged violations of the CEA. That power rests exclusively with the United States Department of Justice, which is not a party to this litigation. Furthermore, under U.S. law, there are fundamental differences between a civil lawsuit such as *CFTC v. Rivoire* and a criminal prosecution. For example:
>
> - The proceedings in a civil lawsuit such as *CFTC v. Rivoire* are governed by the Federal Rules of Civil Procedure. By contrast, criminal prosecutions are governed by the Federal Rules of Criminal Procedure, a separate set of rules with substantively different provisions, as well as by certain provisions of the U.S. Constitution that are applicable only to criminal cases and that do not apply to civil cases such as *CFTC v. Rivoire*. *See, e.g*., U.S. Const., Amend. VI (establishing in "all criminal prosecutions" the right to, *inter alia*, a speedy and public trial by a jury, confrontation of adverse witnesses, and the assistance of counsel).
>
> - The standard of proof in a civil lawsuit such as *CFTC v. Rivoire* is a "preponderance of the evidence." By contrast, in criminal prosecutions, the standard of proof is the more exacting standard of "beyond a reasonable doubt."
>
> - The relief sought by the CFTC in *CFTC v. Rivoire* includes civil remedies such as injunctive relief, civil penalties, a trading and registration ban, restitution, disgorgement, and civil restitution. *See* Exhibit C, ¶ 10 and pp. 36-38. By contrast, if this were a criminal case, the sanctions could include criminal sanctions such as imprisonment, probation, and/or a criminal fine.

*See* Exhibit 1 at 4-5. We believe this text is entirely uncontroversial, and are hopeful that the Supplemental Statement will satisfy the court in Hong Kong that the instant case is a civil litigation and is therefore subject to the provisions of the Hague Convention.

With respect to the other matters raised in Ms. Choi's letter, the Supplemental Statement states that the deposition of Mr. Tsang, if approved, will be conducted remotely via

videoconference and recites logistical information that has been provided by Mr. Tsang's counsel.  *See* Moyne Decl. ¶ 13-16.

### Conclusion

For the foregoing reasons, Mr. Rivoire respectfully requests the Court sign the proposed Supplemental Statement that is attached hereto as Exhibit 1.  Once the Court has signed the Supplemental Statement, Mr. Rivoire's counsel will promptly transmit it to the Hong Kong authorities.

New York, New York  
Dated: March 28, 2022

Respectfully submitted,

*/s/* Parvin D. Moyne  
James J. Benjamin, Jr.  
Parvin D. Moyne  
Kate L. Powers  
Emily L. Hansen  
Victoria Fydrych

AKIN GUMP STRAUSS HAUER & FELD LLP  
One Bryant Park  
New York, New York 10036  
Telephone: (212) 872-1000  
Facsimile: (212) 872-1002

E-mail: jbenjamin@akingump.com  
E-mail: pmoyne@akingump.com  
E-mail: kpowers@akingump.com  
E-mail: ehansen@akingump.com  
E-mail: vfydrych@akingump.com

*Counsel for Defendant Christophe Rivoire*