UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

      v.

CHRISTOPHE RIVOIRE,

                Defendant.

Case No. 19-cv-11701 (JPO)

---

**SUPPLEMENTAL STATEMENT IN FURTHERANCE OF THE COURT'S
LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970**

Pursuant to Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, the United States District Court for the Southern District of New York respectfully submits this Supplemental Statement in furtherance of its Letter of Request for International Judicial Assistance dated January 27, 2022 ("Letter of Request"). The Letter of Request, attached hereto as Exhibit A, seeks international judicial assistance to obtain testimony via videoconference in the above-entitled civil proceedings from Stephen Tsang, a non-party in this action and a resident of Hong Kong. This Supplemental Statement responds to questions set forth in a letter dated March 9, 2022 from Bethany Choi, Senior Governmental Counsel, Mutual Legal Assistance Unit, International Law Division, Hong Kong Department of Justice ("Hong Kong DOJ"). Ms. Choi's letter is attached hereto as Exhibit B.

I. **Sender/Requesting Judicial Authority:**

    Honorable J. Paul Oetken
    United States District Judge
    United States District Court for the Southern District of New York
    Thurgood Marshall US Courthouse
    40 Foley Square
    New York, NY 10007
    Tel: 212-805-0266

II. **Relevant Authority of the Requested State:**

    Bethany Choi
    International Law Division
    Mutual Legal Assistance Unit
    Hong Kong Department of Justice
    7/F., Main Wing, Justice Place,
    18 Lower Albert Road,
    Central, Hong Kong

III. **Person to Whom the Executed Letter of Request is to be Returned:**

    Parvin D. Moyne
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, New York 10036
    Telephone: (212) 872-1000
    E-mail: pmoyne@akingump.com

IV. **Names and Addresses of all Parties and Representatives:**

| | |
|---|---|
| Plaintiff: | Commodity Futures Trading Commission<br>140 Broadway, 19th Floor<br>New York, NY 10005<br>Tel: 646-746-9887<br>Fax: 646-746-9939 |
| Representatives: | Gabriella Geanuleas<br>Stephen Painter<br>James Wheaton<br>Benjamin Rankin<br>Commodity Futures Trading Commission<br>140 Broadway, 19th Floor<br>New York, NY 10005<br>Tel: 646-746-9887<br>Fax: 646-746-9939 |

|  |  |
|---|---|
| Defendant: | Christophe Rivoire<br>Paris, France |
| Representatives: | James J. Benjamin, Jr.<br>Parvin D. Moyne<br>Katherine L. Powers<br>Emily L. Hansen<br>Victoria Fydrych<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel: 212-872-1000<br>Fax: 212-872-1002 |

**V.     Identity of Witness to be Examined:**

|  |  |
|---|---|
| Witness: | Stephen Tsang<br>Hong Kong |
| Representative: | Matthew Coogan<br>Lankler Siffert & Wohl<br>500 Fifth Avenue<br>New York, NY 10110 |

**VI.    Supplemental Information Regarding Jurisdiction (paragraphs 3-5 of March 9, 2022 letter from Hong Kong DOJ).**

In response to paragraphs 3-5 of the March 9, 2022 letter from the Hong Kong DOJ, this Court provides the following supplemental information.

Plaintiff Commodity Futures Trading Commission ("CFTC") is an independent federal regulatory agency that is responsible for, *inter alia*, the civil enforcement of the Commodity Exchange Act ("CEA"), a federal statute in the United States.  In December 2019, the CFTC filed a civil complaint against Mr. Rivoire in the U.S. District Court for the Southern District of New York (the "Complaint"), alleging that Mr. Rivoire violated various provisions of the CEA and related regulations, and seeking various forms of civil remedies.  A copy of the Complaint,

which bears the caption *Commodity Futures Trading Commission v. Christophe Rivoire*, Case No. 19-cv-11701 (JPO), is attached hereto as Exhibit C.

Although the Complaint is, in a sense, regulatory in nature because the Plaintiff is a U.S. federal regulatory agency and the Complaint alleges violations of the CEA and associated regulations, the case is considered a <u>civil lawsuit</u> under the law and practice of the United States, and within the meaning of the Hague Convention as previously interpreted by this Court. In *SEC v. Rio Tinto plc*, Case No. 17-cv-07994, 2020 WL 2504008 (S.D.N.Y. Mar. 9, 2020), a civil enforcement case brought by the U.S. Securities and Exchange Commission, a sister agency of the CFTC, this Court granted an application by the defendants to obtain witness testimony in various countries pursuant to the Hague Convention. *See id*. at * 2 ("The SEC did not oppose Defendants' application for letters of request (*id*., at 1), and, on or about October 12, 2018, this Court proceeded to issue letters to the relevant authorities in the United Kingdom, Australia, and South Africa (*see* Dkt. 116)."). A copy of *SEC v. Rio Tinto* is attached hereto as Exhibit D.

Under the law of the United States, *CFTC v. Rivoire* is a civil lawsuit, and not a criminal prosecution. The CFTC – the Plaintiff in this civil lawsuit – is not authorized by law to pursue criminal prosecutions in the United States for alleged violations of the CEA. That power rests exclusively with the United States Department of Justice, which is not a party to this litigation. Furthermore, under U.S. law, there are fundamental differences between a civil lawsuit such as *CFTC v. Rivoire* and a criminal prosecution. For example:

- The proceedings in a civil lawsuit such as *CFTC v. Rivoire* are governed by the Federal Rules of Civil Procedure. By contrast, criminal prosecutions are governed by the Federal Rules of Criminal Procedure, a separate set of rules with substantively different provisions, as well as by certain provisions of the U.S.

    Constitution that are applicable only to criminal cases and that do not apply to civil cases such as *CFTC v. Rivoire*. *See, e.g.*, U.S. Const., Amend. VI (establishing in "all criminal prosecutions" the right to, *inter alia*, a speedy and public trial by a jury, confrontation of adverse witnesses, and the assistance of counsel).

- The standard of proof in a civil lawsuit such as *CFTC v. Rivoire* is a "preponderance of the evidence." By contrast, in criminal prosecutions, the standard of proof is the more exacting standard of "beyond a reasonable doubt."

- The relief sought by the CFTC in *CFTC v. Rivoire* includes civil remedies such as injunctive relief, civil penalties, a trading and registration ban, restitution, and disgorgement. *See* Exhibit C, ¶ 10 and pp. 36-38. By contrast, if this were a criminal case, the sanctions could include criminal sanctions such as imprisonment, probation, and/or a criminal fine.

**VII. Supplemental Information Regarding the Presence of the Witness's U.S. counsel and the Witness's Contact Means in Hong Kong (paragraphs 6-8 of March 9, 2022 letter from Hong Kong DOJ).**

In response to paragraphs 6-8 of the March 9, 2022 letter from the Hong Kong DOJ, this Court provides the following supplemental information.

On August 25, 2021, this Court ordered that all depositions in this matter shall proceed remotely. Consistent with this order, Mr. Tsang's deposition will be conducted remotely, with counsel for Mr. Rivoire and the CFTC appearing via videoconference from the United States. This Court has been informed that if approval for execution of the Letter of Request is granted and Mr. Tsang's counsel is unable to travel to Hong Kong because of travel and quarantine

restrictions due to the COVID-19 pandemic, Mr. Tsang's counsel would also appear remotely from the United States.

    This Court has been informed that communications to Mr. Tsang should be sent to Mr. Tsang's counsel in the United States:

> *Attorney for Mr. Tsang*:    Matthew G. Coogan
> Lankler Siffert &Wohl LLP
> 500 5th Ave #34
> New York, New York 10110
> Telephone: 212-930-1203
> mcoogan@lswlaw.com

This Court has been further informed that if approval for execution of the Letter of Request is granted, Mr. Tsang's counsel will confer with Mr. Tsang regarding authorization to accept service of process.

Dated: This 5th day of April, 2022

_____
J. PAUL OETKEN
United States District Judge

Judge for the United States District Court for the
Southern District of New York
Thurgood Marshall US Courthouse
40 Foley Square
New York, NY 10007
Tel: 212-805-0266