Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com



**Parvin Daphne Moyne**
+1 212.872.1076/fax: +1 212.872.1002
pmoyne@akingump.com

May 14, 2025

**VIA ELECTRONIC COURT FILING**

Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: 1:19-CV-11701 (LTS)

Dear Chief Judge Swain:

In accordance with the Court's April 30, 2025 Order (Dkt. No. 134), the parties have met and conferred and jointly submit this status update.

a. ***The names of counsel and current contact information.***

 a. Counsel for Plaintiff:

  i. Devin Cain, dcain@cftc.gov
  Alyson Cohen, acohen@cftc.gov
  Alejandra de Urioste, adeurioste@cftc.gov
  R. Stephen Painter, Jr., spainter@cftc.gov
  Benjamin J. Rankin, brankin@cftc.gov
  James Wheaton, jwheaton@cftc.gov
  Commodity Futures Trading Commission
  Division of Enforcement
  290 Broadway, 6th Floor
  New York, NY 10007
  Tel: 646-746-9700
  Fax: 646-746-9888





b. Counsel for Defendant:

i. James J. Benjamin, Jr., jbenjamin@akingump.com
Parvin D. Moyne, pmoyne@akingump.com
Katherine L. Powers, kpowers@akingump.com
Emily L. Hansen, ehansen@akingump.com
Victoria Fydrych, vfydrych@akingump.com
Fatima Bishtawi, fbishtawi@akingump.com
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel: 212-872-1000
Fax: 212-872-1002

b. ***A concise statement of the nature of this action, including the nature of the claims and the principal defenses*.**

a. *Nature of the Claims*

On December 20, 2019, the Commodity Futures Trading Commission ("CFTC") filed a Complaint and alleged that the Defendant, Christophe Rivoire, violated Sections 6(c)(1), 13(a), and 13(b) of the Commodity Exchange Act, 7 U.S.C. § 9(1), 13c(a), and 13c(b) (2018), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2019). (Dkt. No. 1). Plaintiff seeks an order from the Court seeking, *inter alia*, a civil monetary penalty, disgorgement of all benefits received, restitution, and trading and registration bans.

This case arises from a July 2012 interest rate swap transaction between the Japan Bank for International Cooperation ("JBIC"), a Japanese government-owned financial institution, and HSBC, one of the largest financial institutions in the world. In July 2012, HSBC served as co-underwriter on a $2 billion bond issuance on behalf of JBIC. In addition, JBIC selected HSBC as its counterparty on a corresponding U.S. dollar interest rate swap (the "Issuer Swap").

In its Complaint, the CFTC alleged that Rivoire, a senior member of HSBC's rates trading desk in New York, engaged in a deceptive scheme to manipulate the prices of U.S. dollar interest rate basis swaps, which were used to price the Issuer Swap, and made untrue or misleading statements of material fact, or material omissions, to JBIC. The Complaint alleges that Rivoire engaged, and induced a trader under his supervision to engage, in this scheme in order to maximize HSBC's profit on the Issuer Swap at the expense of JBIC.





b. *Principal Defenses*

On March 19, 2020, Rivoire filed an Answer to the Complaint denying the allegations as set forth therein. (Dkt. No. 13). Rivoire contends that he never engaged or induced a trader under his supervision to engage in any manipulative scheme, and that he did not make untrue or misleading statements of material fact, or omissions, to JBIC.

Rather, Rivoire contends that HSBC's market activity in connection with the Issuer Swap was undertaken for the unquestionably legitimate economic purpose of risk management, at transaction prices that were determined by the forces of supply and demand, and in a manner that was consistent with industry practice and the written contract between HSBC and JBIC. Rivoire maintains that the CFTC has not established evidence of pricing distortion that does not reflect the natural forces of supply and demand as is required for a market manipulation claim.

c. ***A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount***.

The parties agree that this Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2018), which provides that district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress. In addition, Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2018), provides that district courts have jurisdiction to hear actions brought by the Commission for injunctive relief and to enforce compliance with the Act. Venue also properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because the alleged violations of the Act occurred within this District.

d. ***All existing scheduling orders, deadlines, due dates, cut-off dates, and scheduled future conference or argument dates***.

There are currently no outstanding scheduling orders, deadlines, due dates, cut-off dates, scheduled conference dates, or argument dates. As discussed further in response to question (h), the parties each moved for summary judgement and to preclude the testimony of the other party's expert witness(es). The parties await a decision on those motions.

e. ***A statement identifying and summarizing the subject matter and status of any pending appeals***.

There are currently no pending appeals.





f. ***The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the joint status update shall not disclose to the Court specific settlement offers or demands***.

The parties met in person on August 15, 2022, for a settlement discussion, but were unable to agree on a resolution. The parties also engaged in settlement discussions at an earlier stage of the litigation, as noted in the July 30, 2020 Civil Case Management Plan (Dkt. No. 17). The parties do not believe any additional settlement discussions would be fruitful at this time.

g. ***Whether mediation might facilitate resolution of the case***.

The parties do not believe mediation would be effective at facilitating a settlement.

h. ***A concise statement of all issues to be decided by the Court, including whether any motions are pending or being briefed, and a concise description of the nature and status of any such motions, including whether the parties anticipate filing supplemental briefing or supplemental authority***.

The parties each moved for summary judgement and to preclude the testimony of various expert witnesses. The parties await a decision on all motions, which are fully briefed. On March 3, 2023, Plaintiff moved for summary judgment on all counts of the Complaint (Dkt. Nos. 101 – 105). On May 1, 2023, Defendant cross moved for summary judgment on all counts of the Complaint (Dkt. Nos. 110 – 115). Summary judgment briefing concluded on July 28, 2023. (Dkt. Nos. 125 – 126, 130). Additionally, Plaintiff moved to preclude Defendant's sole expert, and Defendant moved to preclude Plaintiff's three experts on May 12, 2023 (Dkt. Nos. 118 – 123) and briefing on those motions was completed on August 8, 2023. (Dkt. Nos. 127 – 129, 131 – 132). Neither party anticipates filing any supplemental briefing or supplemental authority.

i. ***If applicable, a concise statement of all material uncontested or admitted facts, as well as each party's concise statement of material disputed facts***.

The parties each filed a Statement of Material Facts Pursuant to Local Civil Rule 56.1 in support of their respective summary judgment motions (Dkt. Nos. 104, 112) as well as a response to the other party's Rule 56.1 statement (Dkt. Nos. 115, 126). Given that the summary judgment motions are fully briefed, the parties respectfully submit that the Rule 56.1 statements best address this topic.





j. ***If applicable, the status of discovery, including whether any further discovery remains and whether any discovery disputes remain***.

Fact discovery concluded on December 16, 2022. (Dkt. No. 94). Expert discovery concluded on December 1, 2022. (Dkt. No. 91). No further discovery, or discovery disputes, remain outstanding.

k. ***Any other information the parties believe may assist the Court in advancing the above-captioned case to settlement or trial, including whether related cases are pending in this court or in any other forum***.

Neither party believes any additional information would be relevant to the Court.

Respectfully submitted,

COMMODITY FUTURES TRADING COMMISSION

By: */s/ Devin M. Cain*
Devin M. Cain
Alyson Cohen
Alejandra de Urioste
R. Stephen Painter, Jr.
Benjamin J. Rankin
James Wheaton
Commodity Futures Trading Commission
Division of Enforcement
290 Broadway, 6th Floor
New York, NY 10007
Tel: 646-746-9700
Fax: 646-746-9888
dcain@cftc.gov
acohen@cftc.gov
adeurioste@cftc.gov
spainter@cftc.gov
brankin@cftc.gov
jwheaton@cftc.gov

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Parvin D. Moyne*
James J. Benjamin, Jr.
Parvin D. Moyne
Katherine L. Powers
Emily L. Hansen
Victoria Fydrych
Fatima Bishtawi
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel: 212-872-1000
Fax: 212-872-1002
jbenjamin@akingump.com
pmoyne@akingump.com
kpowers@akingump.com
ehansen@akingump.com
vfydrych@akingump.com
fbishtawi@akingump.com